1  PATRICK MCGOVERN, ESQ. (SBN 115981)
   270 Redwood Shores Parkway, No. 730
2  Redwood City, California 94065
   Telephone:     (650) 274-4085
3  Facsimile:     (650) 596-9663
4  E-Mail: mcglaw@comcast.net

5  Attorneys for Defendants

6

7                  UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9

10 GOTT BROTHERS DEVELOPMENT,      )   Case No.  CV 09-00807 PVT
   LLC, a limited liability company )
11                                  )   ANSWER OF DEFENDANTS JEAN
                                    )   NICHOLSON and DEAN NICHOLSON,
12          Plaintiff,              )   individually and as Trustees of the DEAN
                                    )   AND JEAN T. NICHOLSON FAMILY
13     vs.                          )   TRUST;  VIRGINIA TOOGOOD,
                                    )   individually and as the Trustee of the
14 JEAN NICHOLSON and DEAN          )   VIRGINIA TOOGOOD FAMILY TRUST
   NICHOLSON,  individually and as Trustees )
15 of the DEAN AND JEAN T. NICHOLSON )
   FAMILY TRUST;  VIRGINIA TOOGOOD, )  DEMAND FOR JURY TRIAL
16 individually and as the Trustee of the )
   VIRGINIA TOOGOOD FAMILY TRUST, )    JUDGE:     Hon. Patricia V. Trumbull
17 COMPRISING VIRGINIA T. TOOGOOD  )
   AND DOES 1-20, INCLUSIVE,        )
18                                  )
19          Defendants.

20  _____

21

22     Defendants, JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees

23 of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST, and  VIRGINIA TOOGOOD,

24 individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST, answer the

25 Complaint of Gott Brothers Development, LLC as follows:

26                            **ANSWER**

27

28                             - 1 -

1.      Defendants admit the allegations of Paragraph 1 of the Complaint on information and belief.

2.      Defendants admit the allegations of Paragraph 2 of the Complaint.

3.      Defendants admit the allegations of Paragraph 3 of the Complaint.

4.      Defendants admit the allegations of Paragraph 4 of the Complaint.

5.      Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Complaint, and on that basis deny those allegations.

6.      Defendants deny that Plaintiff has fully complied with and done all things necessary to bring the within action under the cited provisions.

7.      Defendants admit the allegations of Paragraph 7 of the Complaint.

8.      Defendants admit the allegations of Paragraph 8 of the Complaint.

9.      Defendants admit the allegations of Paragraph 9 of the Complaint.

10.     Defendants admit the allegations of Paragraph 10 of the Complaint.

11.     Defendants admit the allegations of Paragraph 11 of the Complaint.

12.     Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 12 of the Complaint, and on that basis deny those allegations.

13.     Defendants deny the allegation of Paragraph 13 of the Complaint that Plaintiff "adopted" the trademark "TAYLOR'S REFRESHER." Defendants admit that Plaintiff has used the trademark since April, 1999, but that such use has been only through and by virtue of limited rights to use the mark obtained from Defendants, and that such use inures to the benefit of Defendants.

14.     Defendants admit the allegation of Paragraph 14 that an application to register the trademark "TAYLOR'S REFRESHER" was executed and filed by Plaintiff on or about May 20, 2005. Defendants deny that such trademark was, or is, "Plaintiff's trademark." Defendants further deny the allegation of said Paragraph 14 that such application was executed and filed in

- 2 -

accordance with the laws of the United States. Defendants admit that the application was published in the Official Gazette on or about February 21, 2006.

15.   Defendants admit the allegation of Paragraph 15 of the Complaint that Defendants filed an Opposition proceeding on June 20, 2006 in the United States Patent and Trademark Office, and that the grounds for opposition referred to in said Paragraph 15, though paraphrased in said Paragraph 15, were stated in the Opposition.

16.   Defendants admit the allegations of Paragraph 16 of the Complaint.

17.   Defendants admit that Plaintiff filed an answer in the Opposition proceeding on or about July 28, 2006 in the form contained in the record of that proceeding.

18.   Defendants admit that a written decision in the Opposition proceeding was rendered in their favor by the Trademark Trial and Appeal Board on May 21, 2008, which decision is a matter of record in such proceeding. The remaining allegations of said Paragraph 18 are not factual in nature but reflect Plaintiff's interpretation or conclusions regarding the decision, and are therefore denied on that basis.

19.   Defendants deny the allegations of Paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

1.   The Plaintiff has failed to perfect its appeal or otherwise to comply with all substantive and procedural requirements prerequisite to bringing or maintaining this action.

4.   The relief requested should be denied as Plaintiff has engaged in fraudulent conduct in connection with the underlying application for registration of trademark in that at the time of filing said application, Plaintiff knew of Defendants' prior use of the trade name and mark Taylor's Refresher in connection with providing restaurant services. Plaintiff further knew at that time that Defendants were raising and asserting their prior use, superior right and ownership of the trade name and mark against Plaintiff, and were negotiating for compensation for

-3-

1   Plaintiff's use of the trade name and mark, and were disputing Plaintiff's right to

2   use the trade name or mark other than as permitted by Defendants or as arose

3   from the agreements between them.   Defendants aver on information and belief

4   that Plaintiff, in making the application for registration, did not disclose these

5   facts known to it, did not disclose the nature of their true relationship to

6   Defendants and the trade name and mark, and did not disclose the other facts

7   which were known to Plaintiff and which would prevent its registration, but

8   instead filed the application alleging that it was the owner of the mark and that

9   no one else had a right to use the same or similar mark.   Defendants aver on

10  information and belief that, in so doing, Plaintiff made representations and

11  statements in the application it knew to be false, or should have known to be

12  false.

13  5.   The relief requested is barred by the principles of res judicata.

14  6.   The relief requested is barred as Plaintiff is not the owner, but the licensee of

15       Defendants with respect to the trademark at issue and is therefore not entitled to

16       registration.

17  7.   The mark is likely to be confused with a trade name and mark previously used

18       by Defendants and not abandoned, and/or is likely to and will cause mistake or

19       deceive.

20  8.   The mark when used may disparage or falsely suggest a connection with

21       Defendants and their predecessors in interest.

22  9.   Defendants' use of and right in the mark Taylor's Refresher is prior and superior

23       to Plaintiff's right, if any, which right is not exclusive and Plaintiff is not

24       entitled to exclude Defendants' use of the mark or marks.

25  10.  The mark, when used, would cause dilution.

26  11.  The relief requested is barred by the equitable doctrine of unclean hands.

27  12.  The relief requested is barred by the doctrine of estoppel.

28

- 4 -

Case No. 09-00807 PVT
ANSWER OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND JEAN T.
NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY
TRUST

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by its Complaint;

2. That the decision of the Trademark Trial and Appeal Board in Opposition No. 91171444 sustaining said Opposition be affirmed;

3. That the Court order the Trademark Trial and Appeal Board and Director to issue orders in accordance with the Court's ruling to terminate the Opposition proceeding in Defendants favor and order the application assigned to Defendants;

4. For costs of suit and attorneys fees incurred herein as allowed by law; and

5. For such other and further relief as the Court deems just and proper.

DATED: November 9, 2009

Patrick McGovern
Attorney for Defendants JEAN NICHOLSON and DEAN
NICHOLSON, individually and as Trustees of the DEAN
AND JEAN T. NICHOLSON FAMILY TRUST, and
VIRGINIA TOOGOOD, individually and as the Trustee of
the VIRGINIA TOOGOOD FAMILY TRUST

## DEMAND FOR JURY TRIAL

Defendants, JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST, and VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST, hereby demand a jury trial.

DATED: November 9, 2009

Patrick McGovern
Attorney for Defendants JEAN NICHOLSON and DEAN
NICHOLSON, individually and as Trustees of the DEAN
AND JEAN T. NICHOLSON FAMILY TRUST, and
VIRGINIA TOOGOOD, individually and as the Trustee
of the VIRGINIA TOOGOOD FAMILY TRUST

- 5 -

Case No. 09-00807 PVT
ANSWER OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND JEAN T.
NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY
TRUST

PATRICK MCGOVERN, ESQ. (SBN 115981)
270 Redwood Shores Parkway, No. 730
Redwood City, California 94065
Telephone:    (650) 274-4085
Facsimile:    (650) 596-9663
E-Mail: mcglaw@comcast.net

Attorneys for Defendants and Counter-Claimants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTT BROTHERS DEVELOPMENT, LLC, a limited liability company | Case No.  CV 09-00807 PVT |
| Plaintiff, | COUNTERCLAIM OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON,  individually and as Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST; |
| vs. | |
| JEAN NICHOLSON, et. al. | VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST |
| Defendants. | |
| JEAN NICHOLSON and DEAN NICHOLSON,  individually and as Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST, COMPRISING VIRGINIA T. TOOGOOD AND DOES 1-20, INCLUSIVE, | DEMAND FOR JURY TRIAL |
| | JUDGE:     Hon. Patricia V. Trumbull |
| Counter-Claimants, | |
| vs. | |
| GOTT BROTHERS DEVELOPMENT, LLC, a limited liability company; JOEL GOTT, an individual; DUNCAN GOTT, an individual; and ROES 1-50, | |
| Counter-Defendants. | |

- 1 -

1   Defendants and Counter-Claimants, JEAN NICHOLSON and DEAN NICHOLSON,

2   individually and as Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST, and

3   VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY

4   TRUST, allege as follows:

5

6   ## JURISDICTION AND VENUE

7

8   1.      This Court has original subject matter jurisdiction over this action pursuant to 28

9   U.S.C. § 1338(a) and 15 U.S.C. § 1051 *et. seq.,* and specifically 15 USC §1121. This Court has

10   related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28

11   U.S.C. § 1367.

12   2.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a

13   substantial part of the events or omissions giving rise to the claims occurred in this district, a

14   substantial part of the property that is the subject of the action is situated in this district, and the

15   Counter-defendants maintain their principal place of business or residence in this district.

16

17   ## FACTS COMMON TO ALL COUNTERCLAIMS

18

19   3.      This case involves the application for registration of the mark "Taylor's

20   Refresher" for restaurant goods and services.  The facts of the case are largely not in dispute.

21   Defendants and Counter-Claimants are Jean T. Nicholson and Dean Nicholson, individually

22   and as Trustees of the Dean and Jean T. Nicholson Family Trust, a Trust organized under the

23   laws of California, and Opposer Virginia T. Toogood, individually and as Trustee of the

24   Virginia T. Toogood Family Trust, a Trust organized under the laws of California (collectively

25   hereinafter referred to as "Counter-Claimants").

26

27

28                                           - 2 -

Case No. 09-00807 PVT
COUNTERCLAIM OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND
JEAN T. NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD
FAMILY TRUST

4.      Counter-Claimants are informed and believe and on that basis allege that Counter-Defendant Gott Brothers Development, LLC is and was at all times relevant a limited liability company organized and existing under the laws of the State of California, with its principal place of business located in St. Helena, California.

5.      Counter-Claimants are informed and believe and on that basis allege that Counter-Defendants Joel Gott and Duncan Gott are individuals at all times relevant residing in the County of Napa, State of California.

6.      Counter-Claimants are ignorant of the true names and capacities of the Cross-Defendants identified herein as Roes 1 – 50, and therefore sue them by such fictitious names. Counter-Claimants will amend this complaint to name such defendants by their true names when such identities are ascertained.  Counter-Claimants are informed and believe and thereon allege that at all times mentioned in this complaint, Counter-Defendants, and each of them, were the corporate parents, subsidiaries, affiliates or alter ego of the remaining Counter-Defendants, and/or were the agents and employees of the remaining Counter-Defendants, and in doing the things herein alleged, were acting within the course and scope of such relationship or agency and ratified, approved and authorized the conduct herein alleged.

7.      Counter-Claimants are the owners of real property situated in the County of Napa, State of California, commonly known as 931, 933 and 945 Main Street, St. Helena, California 94574 (the "Property").  Opposer's predecessor in interest, Lloyd "Popsy" Taylor, father of Counter-Claimants Jean T. Nicholson and Virginia T. Toogood, established a restaurant services establishment on the Property in or about 1949.  The restaurant was called and known by the trade name, trademark and service mark "Taylor's Refresher" (the "mark"), which trade name and mark were used in connection with providing restaurant services at that

- 3 -

location. The mark is inherently distinctive and had come to identify Counter-Claimants as the source of the goods and services provided prior to the first use of Counter-Defendants. Counter-Claimants contend that they are the current owners of the trade name and mark so established, and that the use of Counter-Claimants and their predecessor in interest has been valid and continuous since said date of first use (1949) and has not been abandoned.

8.      In April of 1999, Counter-Defendant leased the Property from Counter-Claimants, or portions thereof, along with most of its various improvements, including the Taylor's Refresher restaurant and the portion of the Property on which it is situated (the "Lease"). The Lease also included use permits allowing operation of three businesses on the property, including the 139 seat Taylor's Refresher restaurant. Counter-Defendant, as Lessee, has continued to operate the restaurant under the Taylor's Refresher name and mark through the present date on the Property. Counter-Claimants are informed and believe and on that basis allege that in February of 2004, Counter-Defendant opened a restaurant in San Francisco, California, using the names Taylor's Refresher and Taylor's Automatic Refresher. Counter-Claimants are informed and believe and on that basis allege that in or about December, 2007, Counter-Defendant opened a restaurant in the City of Napa, California, using the names Taylor's Refresher and Taylor's Automatic Refresher. Counter-Claimants allege that the marks are identical and create the same commercial impression. Counter-Claimants will be and have been damaged as a result and will be further damaged if the registration is granted and they are precluded from using the mark at the Property.

9.      Counter-Claimants allege that at the time of filing the within application, Counter-Defendant knew of Counter-Claimants' prior use of the trade name and mark in connection with providing restaurant services at the Property, and that Counter-Defendant

-4-

knew at that time that Counter-Claimants were raising and asserting their prior use, superior right and ownership of the trade name and mark against Counter-Defendant, were demanding and negotiating with Counter-Defendant for compensation for Counter-Defendant's use of the trade name and mark, and were disputing Counter-Defendant's right to use or refer to the trade name and mark other than as arose from their privity with Counter-Claimants. Counter-Defendants, in making the within application, or in the application resulting in Registered trademark number 2710978, did not disclose these facts known to them, did not disclose the nature of their true relationship to Counter-Claimants and the trade name and mark, but instead filed the within application alleging, *inter alia*, that it was the owner of the mark and that no one else had a right to use the same or similar mark. Counter-Claimants allege that in so doing, Counter-Defendant made statements in the application it knew to be false, or should have known to be false.

10.     Counter-Claimants further allege that Registered trademark number 2710978, referenced in the application at issue in this case, was issued, without Counter-Claimants' knowledge at the time, in contravention of Counter-Claimants' prior use and superior right in the trade name and mark referred to herein.

11.     Neither Counter-Claimants or their predecessors in interest assigned their rights with respect to the mark, "Taylor's Refresher," or the goodwill associated with the mark, to any third party from 1949 to the present. The mark has not been assigned to Counter-Defendant, and Counter-Defendant has not been transferred the goodwill in the mark or the business.

12.     The Lease required, at Section 1.6.1 that Counter-Defendant maintain each of the use permits in full force and effect throughout the term of the lease. The Lease further provided in Counter-Claimants a right to enter and take over the premises and operations in the event that

- 5 -

Counter-Defendant failed to maintain the use permits against any challenge. (Lease, Section 1.6.2). The Lease acknowledged Counter-Defendants intention "to utilize the Taylor's Refresher portion of the Premises for a new or remodeled restaurant use…" (Lease, Section 1.5.1). The Lease provided for a percentage rent based on the revenues of the businesses operating there. (Lease, Sections 4.2, 4.3).

13.    Counter-Claimants gave Counter-Defendant verbal consent to use the name Taylor's Refresher at the Property during the term of the Lease.

14.    Counter-Defendant did not receive the consent of Counter-Claimants to use the name Taylor's Refresher, or Taylor's Automatic Refresher, in connection with providing restaurant services at any location other than at the Property.

15.    Counter-Claimants are informed and believe and on that basis allege that Counter-Defendants continued to use the phrase "since 1949" in St. Helena, as well as in San Francisco, a location actually opened in 2004, and in Napa, a location opened in 2007. The use of such phrase by Counter-Defendants is a false or misleading description of fact, or a false or misleading representation of fact which is likely to cause confusion, or to cause mistake or to deceive.

17.    The application which is the subject of the within Complaint was filed on May 20, 2005. Counter-Defendant, through its owners Joel and Duncan Gott, knew of Counter-Claimants' claims of right and ownership in the name and mark, and that they were demanding compensation for the use of the name in San Francisco, not later than March of 2005, if not late 2004. The application was therefore filed with a false declaration and is fraudulent.

/ / /

/ / /

- 6 -

1

## FIRST CAUSE OF ACTION

2

## TRADE NAME AND TRADEMARK INFRINGEMENT

3

18.     Counter-Claimants refer to and incorporate herein by this reference the

4

allegations of Paragraphs 1 - 17 herein as though fully set forth.

5

19.     In doing the things alleged herein, Counter-Defendants have used the trade name

6

and mark outside the scope of the permissible use of said trade name and mark under its

7

agreements and license with Counter-Claimants.  In particular, by using the trade names and

8

marks "Taylor's Refresher" ("TR" or the "TR Mark) and "Taylor's Automatic Refresher"

9

("TAR" or the "TAR Mark") in restaurant locations outside of the Property, including but not

10

limited to the San Francisco and Napa locations, has misappropriated said marks and  infringed

11

upon the rights of Counter-Claimants in said marks.  Such use by Counter-Defendants is likely

12

to cause confusion, or to cause mistake or to deceive, is a false designation of origin, a false or

13

misleading description of fact, or a false or misleading representation of fact which is likely to

14

cause confusion, or to cause mistake or to deceive.

15

16

20.     Counter-Defendant  has wrongfully reaped revenues and profits attributable to

17

the TR and TAR Marks and the goodwill associated with such marks, without compensation to

18

Counter-Claimants.

19

21.     Counter-Defendant's conduct is ongoing such that Counter-Claimants are now

20

and will continue to be damaged and Counter-Defendant is and will continue to gain from its

21

wrongful conduct and be unjustly enriched thereby.

22

22.     This conduct on the part of Counter-Defendants is in violation and contravention

23

of State, Federal and common law, including but not limited to Lanham Act § 43(a) (15 USC

24

1125(a)), entitling Counter-Claimants to relief including but not limited to damages and

25

injunction.

26

/ / /

27

/ / /

28

-7-

Case No. 09-00807 PVT
COUNTERCLAIM OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND
JEAN T. NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD
FAMILY TRUST

23.    Counter-Defendant's infringement and unfair competition has caused and will continue to cause damage to Counter-Complainants and is causing irreparable harm to Counter-Complainants for which there is no adequate remedy at law.

24.    Unless restrained, Counter-Defendant will continue to misappropriate and infringe upon Counter-Claimants' marks resulting in the necessity of a multiplicity of suits and pecuniary compensation will not afford Counter-Claimants adequate relief for the damage incurred now and in the future.

## SECOND CAUSE OF ACTION

## BREACH OF WRITTEN LEASE

25.    Counter-Claimants refer to and incorporate herein by this reference the allegations of Paragraphs 1- 24 herein as though fully set forth.

26.    Counter Defendants Joel Gott and Duncan Gott are signatories to the Lease on behalf of Gott Brothers Development, LLC and each is also a party to the Lease "personally as a guarantor of complete performance by Tenant."

27.    In doing the things alleged herein, Counter-Complainant is informed and believes and on that basis alleges that Counter-Defendants have breached and continues to breach the terms of its Lease with Counter-Claimants, and the terms of the express license arising therefrom, by *inter-alia* and without limitation, using the TR Mark in connection with restaurant services provided at locations other than the Property, failing to develop further and additional business enterprises upon the Property, utilizing the property at less than its highest and best use and at less than the fair value for the property, failing to properly and fairly account for the Property and for the percentage rents due to Counter-Claimants thereunder, and in using the Property in contravention of the Lease terms and conditions, express and implied.

28.    Counter-Claimants have performed all obligations required of them pursuant to the agreements and complied with all other conditions of the agreements except those obligations and conditions which they were excused or prevented from performing.

- 8 -

29.     Counter- Defendants Joel Gott and Duncan Gott are liable for the breaches of Gott Brothers Development, LLC as a guarantor of complete performance by Tenant.

### THIRD CAUSE OF ACTION

### BREACH OF ORAL OR IMPLIED LICENSE

30.     Counter-Claimants refer to and incorporate herein by this reference the allegations of Paragraphs 1 - 29  herein as though fully set forth.

31.     As alleged herein, Cross-Defendant had an oral license to use the name and mark Taylor's Refresher, at and only at the Property, during the term the Lease was in effect.

32.     The Lease Agreement between the parties creates an implied license to use the name and mark at the premises during the term of the lease.  Such an implied license exists only during the term of the lease.  Further, the tenant's use of the mark, and any increase in the goodwill of the mark brought about through tenant's efforts, inures to the benefit of Counter-Claimants, the owner/landlord.

33.     Counter-Defendant has breached and continues to breach those agreements, by without limitation, using the name and mark, and the similar or commercially identical mark "Taylor's Automatic Refresher" at other locations including but not limited to the San Francisco and Napa locations and advertising and promoting such names and marks in connection with the products and services sold at those locations.

34.     Counter-Claimants have performed all obligations required of them pursuant to the agreements and complied with all other conditions of the agreements except those obligations and conditions which they were excused or prevented from performing.

35.     Counter- Defendants Joel Gott and Duncan Gott are liable for the breaches of Gott Brothers Development, LLC as a guarantor of complete performance by Tenant.

36.     As a proximate result of Counter-Defendant's breach of the agreement Counter-Claimants have suffered, and continue to suffer losses and damages in an amount subject to

- 9 -

proof at trial.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

37.    Counter-Claimants refer to and incorporate herein by this reference the allegations of Paragraphs 1 - 36 herein as though fully set forth.

38.    Each of the contracts and agreements alleged herein contains an implied covenant of good faith and fair dealing under California law.   In doing, advocating and supporting the conduct alleged herein, the Counter-Defendants, and each of them, have breached and continue to breach the covenant of good faith and fair dealing implied in their respective contracts and agreements with Counter-Claimants.   In particular, and without limitation, Counter-Defendant has breached the covenant by *inter-alia* and without limitation, using the TR Mark in connection with restaurant services provided at locations other than the Property, competing and threatening to compete with the business at the Property, failing to develop further and additional business enterprises upon the Property, utilizing the property at less than its highest and best use and at less than the fair value for the property, failing to properly and fairly account for the Property and for the percentage rents due to Counter-Claimants thereunder, and in using the Property in contravention of the Lease terms and conditions, express and implied.

39.    As a proximate result of the breach of the implied covenant of good faith and fair dealing by Defendants, and each of them, Counter-Claimants have been damaged in an amount subject to proof at trial.

40.    Counter- Defendants Joel Gott and Duncan Gott are liable for the breaches of Gott Brothers Development, LLC as a guarantor of complete performance by Tenant.

/ / /

/ / /

- 10 -

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

41.    Counter-Claimants refer to and incorporate herein by this reference the allegations of Paragraphs 1- 40 herein as though fully set forth.

The acts of Counter-Defendant alleged above constitute unfair competition under the Lanham Act as well as State and common law.

42.    California Business and Professions Code § 17200 provides:
> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

43.    The conduct of Defendants, and each of them, and the violation of statutes designed and intended for the protection and benefit of persons such as Counter-Claimants as alleged herein, constitutes unfair competition under Business and Professions Code Section 17200. Pursuant to California Business and Professions Code § 17203, Counter-Claimants are entitled to preliminary and permanent injunctive relief ordering Counter-Defendant to cease this unfair competition, as well as disgorgement of all of its profits associated with this unfair competition.

44.    Counter-Defendant's infringement and unfair competition has caused and will continue to cause damage to Counter-Complainants and is causing irreparable harm to Counter-Complainants for which there is no adequate remedy at law.

### SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT

45.    Counter-Claimants refer to and incorporate herein by this reference the allegations of Paragraphs 1 - 44  herein as though fully set forth.

/ / /

- 11 -

46.   Counter-Defendant has wrongfully reaped revenues and profits attributable to the TR and TAR Marks and the goodwill associated with such marks, without compensation to Counter-Claimants, and has been unjustly enriched thereby.

47.   Counter-Defendant's conduct is ongoing such that Counter-Claimants are now and will continue to be damaged and Counter-Defendant is and will continue to gain from its wrongful conduct and be unjustly enriched thereby.

48.   No justification exists for Defendants to retain such sums and benefits, or to be permitted to do so, and demand has been made for return of such sums.

49.   As a result of Counter-Defendants unjust enrichment as alleged herein, Counter-Claimants are entitled to restitution and reimbursement from Counter-Defendants according to proof at trial, and a judgment that such sums received or to be received by Counter-Defendants are held in constructive trust for the benefit of Counter-Claimants.

## SEVENTH CAUSE OF ACTION

## DAMAGES FOR FALSE REGISTRATION UNDER LANHAM ACT § 38

50.   Counter-Claimants refer to and incorporate herein by this reference the allegations of Paragraphs 1- 49 herein as though fully set forth.

51.   Lanham Act § 38 (15 USC 1120) provides:

*Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.*

52.   As set forth above, Counter-Defendant filed the application which is the subject of this action, as well as the application resulting in Registration No. 2710978 ("Taylor's Automatic Refresher") with false declarations and representations indicating that it was the owner of such marks and that no other person had a right or claim to use of such marks or similar marks.

- 12 -

53.     In so doing, Counter-Claimants procured a registration in violation of Lanham Act § 38 entitling Counter-Claimants to damages sustained thereby.  Counter-Claimants have been damaged by such fraudulently procured registration in that confusion has been created relative to the origin of the goods and services rendered by Counter-Defendants, the reputation of Counter-Claimants has been damaged, and Counter-Claimants have been and will continue to be required to expend sums in prosecuting the underlying Opposition proceeding, the Cancellation proceeding regarding Registration No. 2710978, and in defending this action and prosecuting these counter claims and cross-claims, all according to proof at trial.

### EIGHTH CAUSE OF ACTION

### DECLARATORY RELIEF

54.     Counter-Claimants refer to and incorporate herein by this reference the allegations of Paragraphs 1- 53 herein as though fully set forth.

55.     An actual controversy has arisen and now exists between Counter-Claimants and Counter-Defendant concerning their respective rights and duties concerning the matters alleged in this Counter-Complaint, and in particular,  an actual controversy exists with respect to the rights and obligations of Counter-Claimants and Defendants in and to the trade names and marks pursuant to the agreements, the Lease, and pending the final outcome of this action.

56.     An actual controversy has arisen and now exists between Counter-Claimants and Counter-Defendant in that Counter-Claimants and Counter-Defendants each contend that they are the owner of the mark "Taylor's Refresher."

Counter-Claimants request that the Court issue a declaration concerning the rights of each of the parties in the TR Mark and the TAR Mark.

WHEREFORE, Counter-Claimants pray for relief as follows:

1.     That Counter-Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under

- 13 -

authority from Counter-Defendants, and each of them, be preliminarily and permanently enjoined from:(a) using Counter-Claimants' trademark depicted, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to Counter-Complainants' trademark, or that is likely to cause confusion, mistake, deception,or public misunderstanding as to the origin of Counter-Claimants products or their connectedness to Counter-Defendants.

2.      That Counter-Defendant be required to file with the Court and serve on Counter-Claimants within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Counter-Defendant has complied with the Injunction;

3.      That, pursuant to 15 U.S.C. § 1117, Counter-Defendant be held liable for all damages suffered by Counter-Claimants resulting from the acts alleged herein;

4.      That, pursuant to 15 U.S.C. § 1117, Counter-Defendant be compelled to account to Counter-Claimants for any and all profits derived by it from its illegal acts complained of herein;

5.      That the Counter-Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising,promotional material or the like in possession, custody or under the control of Counter-Defendant bearing a trademark found to infringe Counter-Claimants trademark rights, as well as all plates, matrices, and other means of making the same; except to the extent such are used solely in connection with the providing of products and services at the Property.

6.      That the Court declare this to be an exceptional case and award Counter-Claimants its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

- 14 -

Case No. 09-00807 PVT
COUNTERCLAIM OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST

7. That the Court grant Counter-Claimant any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; including but not limited to an award of treble damages under 15 U.S.C. §1117(a) and,

8.      For general and compensatory damages in an amount to be shown according to proof at trial;

9.      For incidental and consequential damages arising from Counter-Defendants' breach in an amount according to proof;

10.      For punitive and exemplary damages in amount sufficient to punish Counter-Defendants and make them an example, and to deter others from engaging in similar conduct;

11.      For a declaration of the rights and obligations of the parties;

12.      For a preliminary and permanent injunction prohibiting Counter-Defendants from infringing Counter-Complainants trademark rights and from continuing acts found to constitute unfair competition;

13.      For attorney's fees pursuant to contract and/or statute as alleged or as otherwise permitted and provided by law;

14.      For prejudgment interest at the legal rate;

15.      For costs of suit herein incurred; and

16.      For such other and further relief as this court may deem just and proper.

DATED:  November 9, 2009

Patrick McGovern
Attorney for Counter-Claimants JEAN NICHOLSON and
DEAN NICHOLSON, individually and as Trustees of the
DEAN AND JEAN T. NICHOLSON FAMILY TRUST,
and  VIRGINIA TOOGOOD, individually and as the
Trustee of the VIRGINIA TOOGOOD FAMILY TRUST

- 15 -

Case No. 09-00807 PVT
COUNTERCLAIM OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND
JEAN T. NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD
FAMILY TRUST

1

## DEMAND FOR JURY TRIAL

2

Counter-Claimants, JEAN NICHOLSON and DEAN NICHOLSON, individually and as

3

Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST, and  VIRGINIA

4

TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST,

5

hereby demand a jury trial.

6

DATED:  November 9, 2009

7

Patrick McGovern
Attorney for Counter-Claimants JEAN NICHOLSON and

8

DEAN NICHOLSON,  individually and as Trustees of the
DEAN AND JEAN T. NICHOLSON FAMILY TRUST,

9

and  VIRGINIA TOOGOOD, individually and as the

10

Trustee of the VIRGINIA TOOGOOD FAMILY TRUST

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

Case No. 09-00807 PVT
COUNTERCLAIM OF DEFENDANTS JEAN NICHOLSON and DEAN NICHOLSON,  individually and as Trustees of the DEAN AND
JEAN T. NICHOLSON FAMILY TRUST;  VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD
FAMILY TRUST