JAMES R. ROSE, STATE BAR #109726
KATHARINE HELDT FALACE, STATE BAR #222744
LAW OFFICES OF JAMES R. ROSE
1500 Railroad Avenue
St. Helena, California   94574
Tel: 707-967-9656
Fax: 707-963-0771
Email: roselawinc@sbcglobal.net
Attorneys for Plaintiff and Counter-Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOTT BROTHERS DEVELOPMENT, LLC**, a limited liability company,<br><br>         Plaintiff,<br><br>     vs.<br><br>**JEAN NICHOLSON et. al.**,<br><br>         Defendants. | Case No.  CV 09-00807 PVT<br><br>**GOTT BROTHERS DEVELOPMENT, LLC**, a limited liability company; **JOEL GOTT**, an individual and **DUNCAN GOTT**, an individual's **ANSWER TO COUNTERCLAIM OF JEAN NICHOLSON and DEAN NICHOLSON**, individually and as Trustees of the **DEAN AND JEAN T. NICHOLSON FAMILY TRUST; VIRGINIA TOOGOOD**, individually and as the Trustee of the **VIRGINIA TOOGOOD FAMILY TRUST**<br><br>**DEMAND FOR JURY TRIAL** |
| **JEAN NICHOLSON and DEAN NICHOLSON**, individually and as Trustees of the **DEAN AND JEAN T. NICHOLSON FAMILY TRUST; VIRGINIA TOOGOOD**, individually and as the Trustee of the **VIRGINIA TOOGOOD FAMILY TRUST COMPRISING VIRGINIA T. TOOGOOD AND DOES 1-20, INCLUSIVE**,<br><br>         Counter-Claimants,<br><br>     vs.<br><br>**GOTT BROTHERS DEVELOPMENT, LLC**, a limited liability company; **JOEL GOTT**, an individual; **DUNCAN GOTT**, an individual; and **ROES 1-50**,<br><br>         Cross-Defendants. | |

ANSWER TO COUNTER-CLAIM                                                                                              Page 1

Counter-Defendants GOTT BROTHERS DEVELOPMENT, LLC, a limited liability company; JOEL GOTT, an individual and DUNCAN GOTT, an individual, (hereinafter "Counter-Defendants"), hereby answer the Counter-Claim of JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST; VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST COMPRISING VIRGINIA T. TOOGOOD, (hereinafter "Counter-Claimants"), as follows:

**JURISDICTION AND VENUE**

1. Counter-Defendants admit the allegations set forth in paragraph 1.

2. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 2 of the Counter-Claim.

**FACTS COMMON TO ALL COUNTERCLAIMS**

3. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 3 of the Counter-Claim.

4. Counter-Defendants admit that Gott Brothers Development, LLC is and was at all times relevant a limited liability company organized under the laws of the State of California, with its principal place of business located in St. Helena, California.

5. Counter-Defendants admit that Joel Gott and Duncan Gott are individuals at all times relevant residing in the County of Napa, State of California.

6. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 6 of the Counter-Claim.

7. Counter-Defendants deny each and every allegation in paragraph 7 of the Counter-Claim.

8. Counter-Defendants admit all allegations in lines 1 through a portion of line 20, inclusive, and deny that Counter-Claimants have incurred any losses or damages.

9. Counter-Defendants deny each and every allegation in paragraph 9 of the Counter-Claim.

10. Counter-Defendants deny each and every allegation in paragraph 10 of the

Counter-Claim.

11. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 11 of the Counter-Claim.

12. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 12 of the Counter-Claim.

13. Counter-Defendants admit each and every allegation in paragraph 13 of the Counter-Claim.

14. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 14 of the Counter-Claim.

15. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 15 of the Counter-Claim.

16. There is no paragraph 16 contained in the Counter-Claim.

17. Counter-Defendants deny each and every allegation in paragraph 17 of the Counter-Claim.

18. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 17 above as if fully set forth in this paragraph. Except as expressly admitted in paragraphs 1 though 17 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 17 of the Counter-Claim.

19. Counter-Defendants deny each and every allegation in paragraph 19 of the Counter-Claim.

20. Counter-Defendants deny each and every allegation in paragraph 20 of the Counter-Claim.

21. Counter-Defendants deny each and every allegation in paragraph 21 of the Counter-Claim.

22. Counter-Defendants deny each and every allegation in paragraph 22 of the Counter-Claim.

23. Counter-Defendants deny each and every allegation in paragraph 23 of the

Counter-Claim.

24. Counter-Defendants deny each and every allegation in paragraph 24 of the Counter-Claim.

25. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 24 above as if fully set forth in this paragraph. Except as expressly admitted in paragraphs 1 though 24 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 24 of the Counter-Claim.

26. Counter-Defendants admit the allegations contained in paragraph 26 of the Counter-Claim.

27. Counter-Defendants deny each and every allegation in paragraph 27 of the Counter-Claim.

28. Counter-Defendants deny each and every allegation in paragraph 28 of the Counter-Claim.

29. Counter-Defendants deny each and every allegation in paragraph 29 of the Counter-Claim.

30. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 29 above as if fully set forth in this paragraph. Except as expressly admitted in paragraphs 1 though 29 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 29 of the Counter-Claim.

31. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 31 of the Counter-Claim.

32. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 32 of the Counter-Claim.

33. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 33 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 33 of the Counter-Claim.

34. Counter-Defendants deny each and every allegation in paragraph 34 of the Counter-Claim.

35. Counter-Defendants deny each and every allegation in paragraph 35 of the

1 Counter-Claim.

36. Counter-Defendants deny each and every allegation in paragraph 36 of the Counter-Claim.

37. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 36 above as if fully set forth in this paragraph. Except as expressly admitted in paragraphs 1 though 36 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 36 of the Counter-Claim.

38. Counter-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Counter-Claim, and on that ground Counter-Defendants deny each and every allegation in paragraph 38 of the Counter-Claim.

39. Counter-Defendants deny each and every allegation in paragraph 39 of the Counter-Claim.

40. Counter-Defendants deny each and every allegation in paragraph 40 of the Counter-Claim.

41. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 41 above as if fully set forth in this paragraph. Except as expressly admitted in paragraphs 1 though 41 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 41 of the Counter-Claim.

42. With respect to the allegations contained in paragraph 42, the allegations call for conclusions to which no response is required, and, on that basis, Cross-Defendants deny the allegations contained therein.

43. Counter-Defendants deny each and every allegation in paragraph 43 of the Counter-Claim.

44. Counter-Defendants deny each and every allegation in paragraph 44 of the Counter-Claim.

45. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 44 above as if fully set forth in this paragraph. Except as expressly admitted in paragraphs 1 though 44 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 44 of the Counter-Claim.

46. Counter-Defendants deny each and every allegation in paragraph 46 of the Counter-Claim.

47. Counter-Defendants deny each and every allegation in paragraph 47 of the Counter-Claim.

48. Counter-Defendants deny each and every allegation in paragraph 48 of the Counter-Claim.

49. Counter-Defendants deny each and every allegation in paragraph 49 of the Counter-Claim.

50. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 49 above as if fully set forth in this paragraph.  Except as expressly admitted in paragraphs 1 though 49 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 49 of the Counter-Claim.

51. With respect to the allegations contained in paragraph 51, the allegations call for conclusions to which no response is required, and, on that basis, Cross-Defendants deny the allegations contained therein.

52. Counter-Defendants deny each and every allegation in paragraph 52 of the Counter-Claim.

53. Counter-Defendants deny each and every allegation in paragraph 53 of the Counter-Claim.

54. Cross-Defendants repeat and reallege the answers in paragraphs 1 though 53 above as if fully set forth in this paragraph.  Except as expressly admitted in paragraphs 1 though 53 above, Cross-Defendants deny each and every allegation in paragraphs 1 through 53 of the Counter-Claim.

55. Counter-Defendants deny each and every allegation in paragraph 55 of the Counter-Claim.

56. Counter-Defendants deny each and every allegation in paragraph 56 of the Counter-Claim.

## AFFIRMATIVE DEFENSES

Counter-Defendants hereby assert their Affirmative Defenses to Counter-Claimants' Counterclaim, as follows:

## FIRST AFFIRMATIVE DEFENSE

Each of the purported claims set forth in the Counterclaim fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part by the doctrines of waiver, acquiescence and estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part because Counter-Claimants have acted to restrain trade or injure competition and have committed other acts constituting misuse of trademarks and unfair competition.

**FIFTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part because Counter-Defendants' conduct did not actually or proximately cause any of the losses or damages allegedly sustained by Counter-Claimants.

**SEVENTH AFFIRMATIVE DEFENSE**

Counter-Defendants are not liable for exemplary damages because none of these answering Cross-Defendants acted intentionally or willfully to commit any infringing acts.

**EIGHTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part by virtue of being moot.

**NINTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part because the claims fail for lack of consideration.

**TENTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part because the claims are not ripe.

**ELEVENTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in the Counterclaim are barred in whole or in part

because the claims are speculative.

WHEREFORE, Cross-Defendants pray as follows:

1. That Cross-Complainants take nothing by their Cross-Claim;
2. For costs of suit and attorneys' fees incurred herein as allowed by law; and
3. For such other and further relief as the Court deems just and proper.

Dated: December _____, 2009          THE LAW OFFICES OF JAMES R. ROSE

/s/ James R. Rose
_____
JAMES R. ROSE
Attorney for GOTT BROTHERS DEVELOPMENT, LLC, a limited liability company; JOEL GOTT, an individual and DUNCAN GOTT, an individual

## DEMAND FOR JURY TRIAL

Cross-Defendants GOTT BROTHERS DEVELOPMENT, LLC, a limited liability company; JOEL GOTT, an individual and DUNCAN GOTT, an individual, hereby demand a jury trial.

Dated: December _____, 2009          THE LAW OFFICES OF JAMES R. ROSE

/s/ James R. Rose
_____
JAMES R. ROSE
Attorney for GOTT BROTHERS DEVELOPMENT, LLC, a limited liability company; JOEL GOTT, an individual and DUNCAN GOTT, an individual

*Gott Brothers Development, LLC v. Nicholson, et al.*
U.S.D.C. Case No. CV 09-00807 PVT

## PROOF OF SERVICE

I, Jody Gleffe, declare that:

I am employed in the County of Napa, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Law Offices of James R. Rose, Inc., 1500 Railroad Avenue, St. Helena, CA, 94574.

On the below date, I served the attached:

**GOTT BROTHERS DEVELOPMENT, LLC, a limited liability company; JOEL GOTT, an individual and DUNCAN GOTT, an individual's ANSWER TO COUNTERCLAIM OF JEAN NICHOLSON and DEAN NICHOLSON, individually and as Trustees of the DEAN AND JEAN T. NICHOLSON FAMILY TRUST; VIRGINIA TOOGOOD, individually and as the Trustee of the VIRGINIA TOOGOOD FAMILY TRUST**

**DEMAND FOR JURY TRIAL**

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Patrick McGovern, Esq.
Attorney at Law
270 Redwood Shores Parkway, No. 730
Redwood City, CA 94065

__XXX__   **(BY MAIL)** I placed each such sealed envelope with postage thereon fully prepaid for first-class mail, for collection and mailing at St. Helena, California, following ordinary business practices. I am readily familiar with my business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and correspondence is deposited daily with the United States Postal Service in the ordinary course of business.

_____   **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressee(s) noted above.

_____   **(BY FACSIMILE)** I caused said document to be transmitted by telecopier to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 29, 2009**, at St. Helena, California.

/s/ Jody Gleffe
_____
Jody Gleffe

ANSWER TO COUNTER-CLAIM                                                                 Page 9